**COPY**

JAMES P. HARRINGTON
Attorney at Law
17 South Main, Suite 202
Butte, MT 59701
Ph: (406) 494-2626
Fax: (406) 494-2344

ATTORNEY FOR PLAINTIFF

```
FIFTH JUDICIAL DISTRICT COURT
BEAVERHEAD COUNTY
FILED
NOV 1 9 2009
SHEILA BRUNKHORST, CLERK
By /s/ Carly Jay Anderson
```

## MONTANA FIFTH JUDICIAL DISTRICT COURT, BEAVERHEAD COUNTY

| | |
|---|---|
| LINDA STRUPP, | ) |
| Plaintiff, | ) Cause No. DV-09-13370 |
| vs. | ) |
| PARKVIEW ACRES CARE AND REHABILITATION CENTER and JOHN DOES 1 THROUGH 5, | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendants. | ) Judge Assigned LOREN TUCKER |

COMES NOW the Plaintiff, LINDA STRUPP, by and through her attorney of record and for her cause of action against the Defendants alleges as follows:

1. That Plaintiff was at all times pertinent hereto a citizen and resident of Beaverhead County, State of Montana.

2. That Defendant PARKVIEW ACRES CARE AND REHABILITATION CENTER at all times pertinent hereto has been qualified to do business and doing business in the State of Montana and Beaverhead County.

3. John Does 1 through 5, are unknown to Plaintiff at this time, are persons or entities who may be responsible for the damages as alleged.

1. COMPLAINT AND DEMAND FOR JURY TRIAL


EXHIBIT A

4. Plaintiff worked for Defendant Parkview Acres Care and Rehabilitation from approximately 1985 until December 18, 2008 when she was discharged from her employment.

5. Plaintiff fulfilled all of the job duties in a competent, faithful, and diligent manner until December 18, 2008.

6. On December 18, 2008, plaintiff was wrongfully discharged from her employment.

## WRONGFUL DISCHARGE FROM EMPLOYMENT

6. Plaintiff incorporates the preceding paragraphs of this complaint as if fully set forth herein in *haec verba*.

7. The Defendant had a written personnel policy applicable to the Plaintiff's employment and the Defendant's discharge of the Plaintiff was in violation of the express provisions of Defendant's personnel policy, and the discharge was wrongful under § 39-2-904 (1)(c), MCA.

8. The Plaintiff had been employed by Defendant, and she had been employed since approximately 1985 and she had completed the employer's probationary period of employment.

9. The discharge of the Plaintiff was not for good cause, and the discharge was wrongful under § 39-2-904 (1)(b), MCA.

10. The discharge may have been in retaliation under § 39-2-904(1)(a) MCA and plaintiff so alleges to preserve her cause of action under this subsection.

11.     As a result of the wrongful discharge, the Plaintiff is entitled to the damages and remedies in § 39-2-905, MCA.

### Claim For Relief – Wrongful Discharge

12.     As a result of Plaintiff's termination, she is entitled under § 39-2-905 (1), MCA, to four (4) years lost wages, plus fringe benefits as defined in the Act, plus interest thereon, less any interim earnings, reduced by reasonable expenses in searching for, obtaining or relocating to new employment. Plaintiff may be entitled to punitive damages under § 39-2-905(2), MCA.

**WHEREFORE**, Plaintiff prays for judgment on the following claims for damages:

a.      All remedies and damages allowable under § 39-2-905(1) and (2), MCA;

b.      For all such other relief which the Court in the premises deems equitable and just.

DATED this _____ day of November, 2009.

_____
JAMES P. HARRINGTON

3. COMPLAINT AND DEMAND FOR JURY TRIAL